UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| FRANK WHITE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Case No. 1:10-CV-00053 |
| v. ) | |
| ) | Chief Judge Curtis L. Collier |
| TOM KILGORE, President, Chief Officer, ) | |
| Tennessee Valley Authority ) | |
| ) | |
| Defendant. ) | |

**<u>MEMORANDUM</u>**

This case has been brought by Mr. Frank White, the Plaintiff, against Tom Kilgore, the president and chief officer of the Tennessee Valley Authority ("Defendant"). Mr. White is without legal training and experience but has brought this case on his own without the assistance of a lawyer. Mr. White's complaint alleges that the Tennessee Valley Authority engaged in illegal discrimination against him arising out of injuries he suffered while employed by the Tennessee Valley Authority many years ago. Specifically, Mr. White claims he was unlawfully terminated from his employment with Defendant and that Defendant engaged in unlawful retaliation and failed to accommodate his medical condition. At the initial scheduling conference[1] conducted by the undersigned with Mr. White and an attorney for Defendant, the Court emphasized to Mr. White the difficulty of maintaining a case in federal court on his own and strongly encouraged him to obtain an attorney. The Court explicitly pointed out to him the numerous hurdles an individual without legal training faces in complying with the many demands placed on litigants by the Federal Rules

---

[1]On June 4, 2010, the Court held the scheduling conference.

of Civil Procedure and Evidence. The Court indicated that in the event Defendant filed dispositive motions, Mr. White would be at a severe disadvantage in responding to such motions. Finally, the Court explained to Mr. White while it would sympathize with him and understand his lack of legal training, the Court was obligated to follow the law and would not be able to provide him any assistance in his lawsuit.

The eventuality of which the Court advised Mr. White has come to fruition. Defendant has filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction or, in the alternative, pursuant to Fed. R. Civ. P. 12(c) for judgment on the pleadings (Court File No. 56). Mr. White has filed a response to Defendant's motion to dismiss (Court File No. 64), and he asks this Court to hold a hearing on the merits regarding Defendant's motion (Court File No. 72).

While the Court has considered Plaintiff's motion for a hearing and the serious allegations contained in the motion, the Court finds a hearing is not necessary to resolve the issues presented in Defendant's motion to dismiss. In addition, although Defendant presented materials outside of the pleadings, the Court will not consider or discuss any of those materials for the purpose of Defendant's Rule 12(c) motion since Plaintiff was not afforded the opportunity to obtain further discovery. *See Gunasekera v. Irwin*, 551 F.3d 461, 467 (6th Cir. 2009). Accordingly, the Court will **DENY** Plaintiff's motion for a hearing (Court File No. 72).

In regards to the motion to dismiss, while the Court is sympathetic to Mr. White's claims and recognizes the difficulties faced by him, and the Court has given every legal and appropriate consideration to Mr. White's claims,[2] Mr. White's response does not provide the Court with a legal

---

[2]The Court will take this opportunity to explain in more detail than it normally would the decision in this case so that it will be understandable to Mr. White. The Court anticipates Mr. White will disagree with the Court's decision, but the Court is hopeful that even while disagreeing, Mr.

basis to allow this case to proceed (Court File No. 64). Accordingly, the Court has no choice but to **GRANT** the motion to dismiss (Court File No. 56)

I.   **RELEVANT FACTS**

Unless otherwise stated, these facts are taken from Mr. White's complaint and accompanying documents (Court File No. 7).

Defendant is being sued in his capacity as the President and Chief Officer of the Tennessee Valley Authority ("TVA"), a federal employer in Knoxville, Tennessee (Court File Nos. 7, 34).[3] Mr. White brings this discrimination claim pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq.,* and/or Rehabilitation Act, 29 U.S.C. §§ 791 *et seq* (Court File No. 7). In filing his complaint, Mr. White used a form-complaint and this in combination with his lack of legal training and experience makes it very difficult to completely understand his theory of the case.[4] It appears from the form-complaint Mr. White alleges TVA discriminated against him beginning in August 1988 until May 2004 due to his disabilities (major depression, mental retardation, paranoia, schizophrenia, acute chronic bronchitis, minimal scoliosis, inferior displacement cerebral tissue, and hemorrhoid condition) (*id.*). Specifically, Mr. White asserts

---

White will understand why it was necessary for the Court to take the action it does.

[3]Defendant asserts Mr. White improperly named Defendant Tom Kilgore as a party in this case. The TVA Board of Directors is the "head" of TVA and therefore is the proper party to be named as Defendant (Court File No. 57).

[4]The statutes under which Mr. White brings his claims can be very difficult for a layperson to understand. And obviously, a person without legal training would have great difficulty gaining knowledge of the many United States Supreme Court and Courts of Appeal decisions discussing and construing these statutes. Undoubtedly, this has lead to some of the difficulty in understanding Mr. White's claims.

Defendant discriminated against him by (1) failing to reasonably accommodate his disabilities; (2) retaliating against Mr. White; and (3) terminating Mr. White's employment (*id.* at 4, 6-9).[5]

TVA employed Mr. White at the Sequoyah Nuclear Plant in Soddy Daisy, Tennessee beginning on May 15, 1972 as a laborer (*id.* at 7). On September 25, 1972, Mr. White suffered job-related injuries when he fell down a flight of stairs (*id*. at 6,7). Mr. White states he sustained head, neck, and hip (or thigh) injuries which resulted in a paranoid personality (*id*. at 6, 27-30). The Office of Workers' Compensation Program ("OWCP") granted Mr. White worker's compensation on September 26, 1972 until June 16, 1983 (*id.*). However, Mr. White states the medical treatments needed to fully recover, including hospitalization and treatment for the paranoid personality and for the neck injury, were denied (*id*. at 6, 27).

Mr. White returned to work after sustaining these injuries on November 20, 1972 with an alleged restriction he should not work in unprotected areas of elevation (*id.* at 30). He then worked periodically until December 18, 1972 (*id.*).[6]

After the termination of worker's compensation benefits, Mr. White continued to seek reinstatement of benefits, but his claims were repeatedly denied (*id.* at 6). From 1974 to 1988, Mr. White filed a series of appeals with the Department of Worker's Compensation. He received a final denial of his claim in March 1988. It is then Mr. White allegedly learned, for the first time, he had been terminated from TVA in 1975 (*id*. at 27).

---

[5]Defendant, however, seems to argue Mr. White's disability discrimination claim against TVA is only based on TVA's failure to submit applicable forms to OWCP and TVA's alleged submission of false information to OWCP.

[6]According to the CA-7 form completed by a TVA manager, Mr. White last worked for TVA on October 30, 1973 (Court File No. 7 at 14).

4

Mr. White filed two other claims with OWCP in 1988 and 2004 (*id*. at 7, 9). It is not clear from his complaint whether these claims were related to the 1972 injury.[7] These claims were also denied (*id.*). Mr. White then filed a complaint with the Equal Employment Opportunity Commission ("EEOC") on the ground the OWCP improperly denied his claims based on misstatements made by Defendant (*id.* at 9, 23).

In the instant case, Mr. White focuses on the 2005 OWCP denial/EEOC claim in which he alleges Defendant "failed to submit his forms CA-2 and CA-7 to [OWCP] with the requested supporting documentation . . . [and he alleges] management submitted false information to OWCP . . . which caused his claim to be denied" (*id*. at 23). Defendant moves to dismiss the complaint for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) and for failure to state a claim upon which relief can be granted under Rules 12(b)(6) and 12(c).

## II.   MOTION TO DISMISS UNDER RULE 12(b)(1)

### A.   Standard of Review

Subject matter jurisdiction is the "authority [of a court] to adjudicate [or issue a judgment on] the type of controversy involved in the action." RESTATEMENT (SECOND) OF JUDGMENTS § 11 (1982). In other words, there are certain types of cases this Court cannot hear. Subject matter jurisdiction differs from the question of venue, which determines the proper judicial district or location where an action may be brought, not the type of case a court may hear. *See e.g.,* 42 U.S.C. § 2000e-5(f)(3).

---

[7]Defendant alleges Mr. White applied for new benefits in 2004, rather than reinstatement of benefits, claiming he suffered a work-related illness due to exposure to asbestos (Court File No. 57).

5

Under Fed. R. Civ. P 12(b)(1), Defendant may challenge this Court's subject matter jurisdiction, or power to hear this case, through a facial attack or a factual attack. *Gentek Bldg. Prods., Inc. v. Steel Peel Litig. Trust*, 491 F. 3d 320, 330 (6th Cir. 2007); *Reguli v. Guffee*, 371 F. App'x 590, 595 (6th Cir. 2010). Where there is a facial attack, the complaint should fail unless it pleads sufficient facts to establish jurisdiction. *Kardules v. City of Columbus*, 95 F.3d 1335, 1346 (6th Cir. 1996); *see also Gentek Bldg. Prods., Inc.* 491 F. 3d at 330 (stating a court must take the allegation in the complaint to be true when reviewing a facial attack). On the other hand, where there is a factual attack, as Defendant asserts here, the Court must weigh conflicting evidence provided by Mr. White and Defendant to determine whether subject matter jurisdiction exists. *Id.* The party asserting federal jurisdiction - Mr. White - has the burden of proof. *Davis v. United States*, 499 F.3d 590, 594 (6th Cir. 2007); *Giesse v. Sec'y of the Dep't of Health and Human Servs.*, 522 F. 3d 697, 702 (6th Cir. 2008).

**B.     Discussion**

While this Court generally has subject matter jurisdiction to hear disability discrimination claims such as this one, Defendant argues this case is actually a "collateral attack on OWCP's decision denying Mr. White's [worker's compensation] claim[s], and it should be dismissed for lack of subject matter jurisdiction" (Court File No. 57). Stated another way, Defendant contends Mr. White is attempting to challenge the denial of benefits by OWCP by filing the instant action.

As this Court previously stated, "[Mr. White] appears to allege Defendant discriminated against him [by failing to reasonably accommodate his disabilities or by retaliating against him] when [Defendant] failed to submit necessary forms to [OWCP] between June 2004 and May 2005" and when Defendant submitted "false information to OWCP on May 20, 2005," allegedly causing

6

Mr. White's claims to be denied by OWCP (Court File No. 54; *see also* Court File No. 7 at 7-8). Indeed, Mr. White states in his complaint, "[this] court action comes after a 1988, 1992, and [] 2004 EO complaint, [and] after 30 years of harassment, abuse[], and a failure to accommodate[] [Mr. White] for injuries sustained in a September 25, 1972 accident" (Court File No. 7 at 6). Mr. White continues to state Defendant failed to accommodate him when "[D]efendant fail[ed] to answer completely the questions" on the forms submitted to OWCP (*id.* at 7). As a remedy, Mr. White asks this Court to "place [him] on permanent compensation [for his] disabilities"; in other words, Mr. White asks this Court to order TVA to pay disability benefits to him (*id.* at 5).

As Defendant points out, and unfortunately for Mr. White's claims, a district court does not have the authority or subject matter jurisdiction to review the decision of the Secretary of Labor or his designee in granting or denying claims, such as Plaintiff's OWCP claims, brought pursuant to the Federal Employees' Compensation Act ("FECA"), Title 5 U.S.C. §§ 8101 *et seq. Lockett v. Potter*, No. 1:06-CV-1879, 2007 WL 496361, at *2 (N.D. Ohio Feb. 12, 2007). FECA, in fact, "is the exclusive remedy available to individuals [such as Mr. White who were] employed by federal agencies and instrumentalities" and who sustained injuries during the "course of their work." *Turner ex rel. Turner v. Tenn. Valley Auth.*, 859 F.2d 412, 413 -415 (6th Cir. 1988); *see Saltsman v. United States*, 104 F.3d 787, 789 (6th Cir. 1997) (stating "recovery for injuries covered under FECA is clearly limited and exclusive"). Therefore, Mr. White is barred, for example, from bringing a tort action regarding his work-related injuries against TVA in this Court.[8] *See e.g., Jones v. Tenn. Valley Auth.*, 948 F.2d 258, 265 (6th Cir. 1991); *Deford v. Sec'y of Labor*, 700 F.2d 281, 291 (6th

---

[8]Here, Mr. White also asks this Court to order Defendant to pay for his injury-related medical costs (Court File No. 7 at 32).

Cir. 1983). In addition, OWCP renders decisions regarding FECA claims. *See* 20 CFR § 10.1. Where a court has to review the Secretary of Labor's decision to determine if a defendant retaliated or discriminated against a plaintiff by providing false or misleading statements to the OWCP, a motion to dismiss should be granted. *Lockett*, 2007 WL 496361, at *2 (stating this is prohibited by statute). Even though Mr. White's complaint does not explicitly challenge OWCP's decisions, the relief sought in his complaint is for the Court to award him benefits or to order that he receive benefits otherwise granted by OWCP. Defendant correctly argues this Court would at least have to inquire into the merits of OWCP's decision to deny Mr. White's benefits in order to address Mr. White's allegations that Defendant failed to accommodate him by providing inaccurate information to OWCP and/or Defendant retaliated against him by performing such actions (Court File No. 7 at 7-9). Accordingly, to the extent Mr. White collaterally attacks OWCP's denial of benefits, Defendant's motion to dismiss will be granted.

**III.     MOTION TO DISMISS UNDER RULE 12(b)(6) AND 12(c)**

   **A.     Standard of Review**

Defendant also argues even if this Court has subject matter jurisdiction over any of Mr. White's claims, Mr. White has failed to plead a "cognizable disability claim against TVA" (Court File No. 57). Under Fed. R. Civ. P. 12(c), "a party may move for judgment on the pleadings." When considering a Rule 12(c) motion, this Court applies the same standard of review as a 12(b)(6) motion and construes the complaint in a "light most favorable to plaintiff." *Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC*, 477 F. 3d 383, 389 (6th Cir. 2007); *Albrecht v. Treon*, No. 09-3703, 2010 WL 3306877, at *2 (6th Cir. Aug. 24, 2010). In other words, "to survive [such] motion, 'factual

allegations contained in a complaint must raise a right to relief above the speculative level.'" *Zibbell v. Mich. Dept. of Human Serv.*, 313 F. App'x 843, 846 (6th Cir. 2009) (citing *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008)). Although a complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief," the statement must contain "factual content that allows the court to draw reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1940 (2009) (citing Fed. R. Civ. P. 8(a)(2)). Bare assertions of legal conclusions are insufficient, and the pleading must at least contain "inferential allegations" regarding the material elements of the claim. *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988). Nonetheless, because Mr. White represents himself *pro se*, the Court will construe his complaint liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

**B.     Discussion**

"The Rehabilitation Act . . . constitutes the exclusive remedy for a federal employee alleging disability-based discrimination." *Jones v. Potter*, 488 F.3d 397, 403 (6th Cir. 2007); Title 42 U.S.C.A. § 12111(5)(B)(I). Under the Rehabilitation Act, an employer may not discriminate against an employee on the basis of the employee's disability. *Id.* In this case, Mr. White also seems to allege Defendant discriminated against him by unlawfully terminating his employment in 1975 (Court File No. 7 at 4). To recover on a claim of discrimination on the basis of unlawful discharge, Mr. White must show (1) "he is an individual with a disability; (2) he is 'otherwise qualified' to perform the job requirements, with or without reasonable accommodation; and (3) he was [discriminated against] solely by reason of his handicap." *Monette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1178 (6th Cir. 1996); *Mahon v. Crowell*, 295 F.3d 585, 589 (6th Cir. 2002); *Jones*, 488 F.

9

3d at 402.

Defendant asserts Mr. White's complaint fails to allege a claim for relief. Indeed, Mr. White's claims are somewhat vague.[9] Other than "checking the box" to state he was terminated by Defendant, Mr. White makes no mention of his employment discharge in the summary he provided to the Court (Court File No. 7). Rather, the facts regarding Mr. White's termination are found in a 1988 summary completed by an Equal Opportunity Compliance Counselor (*id.* at 27). Although Mr. White asserts on the form-complaint Defendant discriminated against him by terminating his employment, Mr. White did not allege any facts which suggest his termination was related to any disability or handicap or that he was an "otherwise qualified"[10] individual. As noted above, Mr. White must allege some facts which would allow the Court " to draw reasonable inference that the defendant is liable for the misconduct alleged." Mr. White also has not alleged any facts that would allow the Court to draw any inference he was wrongly terminated. Because the Court can find nothing in the record to draw a reasonable inference Defendant unlawfully terminated Mr. White, the Court will also dismiss Mr White's unlawful termination claim.

## IV.    CONCLUSION

---

[9] Again, the Court attributes this to Mr. White's lack of legal training and experience in drafting and filing legal complaints.

[10] Here again, the Court attributes Mr. White's failure to at least allege facts supporting this claim to his lack of legal training and experience. The Court is convinced Mr. White is sincere in his claims and deeply believes he was the victim of an improper termination. However, in the realm of law a person's deeply seated beliefs are not a substitute for the requirements of the law with respect to what must be in a legal claim of what evidence a person that brings a legal claim must produce in court. This again is another example of the hurdles the Court warned Mr. White he would face in trying to prosecute this case by himself without the assistance of an attorney.

For the reasons discussed above, the Court will **DENY** Mr. White's motion for a hearing (Court File No. 72) and **GRANT** Defendant's motion to dismiss (Court File No. 56).

An Order shall enter.

        **/s/**
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**